# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMIE SUE SARTIN, | ) |
| | ) |
| Plaintiff, | ) No. 18 C 2747 |
| | ) |
| v. | ) Magistrate Judge M. David Weisman |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) ) ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Jamie Sue Sartin brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff applied for benefits on February 19, 2014, alleging an amended disability onset date of February 19, 2014. (R. 78, 226.) Her application was denied initially and on reconsideration. (R. 87, 111.) Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on November 18, 2016. (*See* R. 43-65.) In a decision dated February 28, 2017, the ALJ denied plaintiff's claim. (R. 18-34.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 20.) At step two, the ALJ determined that plaintiff has the severe impairments of "[d]epression, not otherwise specified; bipolar disorder; borderline personality disorder; generalized anxiety disorder (GAD)/Panic disorder; post-traumatic stress disorder (PTSD); and alcohol and marijuana abuse, cocaine abuse, [and] opiate dependence (on

methadone)." (R. 21.) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (R. 24.) At step four, the ALJ found that plaintiff cannot perform her past relevant work (R. 32) but has the residual functional capacity ("RFC") to perform the full range of work at all exertional levels if that work is "limited to simple, routine and repetitive tasks" and involves "simple work related decisions," "occasional interaction with supervisors and coworkers," and "brief and superficial interaction with the public." (R. 26.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 33-34.)

Plaintiff contends that the ALJ erred in giving great weight to the opinions about plaintiff's physical condition rendered by the agency medical reviewers and the consultative examiners, Drs. Kogan and Gondi. (*See* R. 23.) But these are the only medical opinions about plaintiff's physical condition that are in the record, and all four doctors reached the same conclusion: plaintiff's physical impairments do not impact her gait, grip, muscle strength, or range of motion in any joint. (*See* R. 94, 107, 743-50, 754-59.) Absent a contrary medical opinion or evidence that undermines these doctors' conclusions, and plaintiff identifies none (*see* Pl.'s Mem. Supp. Summ. J., ECF 12 at 8), the ALJ did not err by crediting these wholly consistent opinions about plaintiff's physical condition.

Plaintiff also argues that the ALJ improperly rejected the opinion rendered by her treating psychiatrist, Dr. Caban. Dr. Caban opined that plaintiff would be unable for fifteen percent or more of a workday to: understand, remember, and carry out detailed instructions; remember work procedures; maintain attention and concentration for an extended period of time; maintain a schedule; sustain a routine without special supervision; work in proximity to others without being distracted by them; accept instructions and respond appropriately to criticism; and get along with

3

coworkers. (R. 782-83.) Dr. Caban also said that plaintiff would be off task more than thirty percent of the time and would likely miss more than six days of work each month. (R. 784.) The ALJ rejected Dr. Caban's opinions because she only treated plaintiff twice and her opinions were inconsistent with her own treatment records and the other evidence in the record. (R. 31.)

The ALJ's determination is not supported by substantial evidence. Dr. Caban's treatment records, though sparse, support her opinions. They state that plaintiff "is sleeping all the time, isolates in bed, does not attend to chores, [activities of daily living], does not leave the house," is "easily overwhelmed," has "no appetite," and continues to have "[p]anic attacks and agoraphobia." (R. 816, 823.) They also note that plaintiff's mood is "[d]epressed" and "[a]nxious," her affect is "[c]onstricted," and her ability to make reasonable decisions is "[i]mpaired." (R. 817, 832.) Further, the record is rife with other evidence of plaintiff's depressed and unstable moods, and inability to carry out instructions, maintain attention and concentration, maintain a schedule, sustain a routine without special supervision, and cope with stress. (R. 552, 554, 561-62, 564-66, 568, 595, 599, 628-49, 659, 661, 667, 670-72, 678, 680, 684-85, 687-90, 697-98, 700, 702, 711-12, 721-22, 725-31, 732, 762.) The ALJ's assertion that the record "generally shows" plaintiff to have "normal mood" and "appropriate and sustained attention" (R. 31) is supported by only a few observations cherry-picked from a record that otherwise depicts an individual who has great difficulty functioning.[1] Because the ALJ's rejection of Dr. Caban's opinions is not supported by substantial evidence, this case must be remanded. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply

---

[1] The ALJ's assertion that the record "generally shows" plaintiff "to be pleasant and cooperative" with "normal perception" and "thought content" (R. 31), while true, has no bearing on the limitations assessed by Dr. Caban.

4

cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").[2]

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [11], denies the SSA's motion for summary judgment [16], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  ENTERED: December 10, 2018

**M. David Weisman**
**United States Magistrate Judge**

---

[2] The RFC and symptom evaluation, which are intertwined with the assessment of medical evidence, will have to be addressed on remand as well.